IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DONELL ALFRED HOPKINS, Defendant. | Case No. CR14-0120 ORDER FOR PRETRIAL DETENTION |

On the 12th day of March, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Erin R. Eldridge. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 30, 2014, Defendant Donell Alfred Hopkins was charged by Indictment (docket number 3) with possession with intent to distribute controlled substances (Count 2) and being a prohibited person in possession of a firearm and ammunition (Count 4). At the arraignment on March 10, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on May 11, 2015.

Sergeant Matt Sandvick of the Linn County Sheriff's Office, who is currently assigned to the DEA task force, testified regarding the circumstances underlying the instant offenses. On October 28, 2013, officers executed a search warrant at an apartment occupied by Defendant and his girlfriend. As officers were approaching the building, they encountered two African American males, including Defendant. During a pat-down, Defendant was found with a loaded .357 Smith & Wesson handgun in one pocket and two baggies containing controlled substances in the other. One of the baggies contained

7 individually-wrapped bags of marijuana, while the other baggie contained 45 individually-wrapped bags of crack cocaine. A search of the apartment resulted in the seizure of cocaine, crack cocaine, heroin, and scales. Also found were ten rounds of .357 ammunition.

According to the pretrial services report, Defendant is 34 years old. He was born and raised in Chicago, before moving to Cedar Rapids in about 2002. Defendant's brother, Robert Hopkins, is a co-defendant in this case. Defendant has never been married but has twin sons (age 15) from a prior relationship. The children live with Defendant's sister in Chicago. Prior to his arrest, Defendant was living with his girlfriend, Delinda Morgan, and would return there if released.

Defendant has been unemployed for approximately six months. Prior to that time, he worked for his landlord, doing maintenance in exchange for rent. Prior to that, he worked as a custodian and as a dishwasher. Defendant has no source of income and is financially supported by his girlfriend.

Defendant told the pretrial services officer that he is in generally good health, although he suffers occasional pain in his right shoulder due to an old injury. Defendant denied any mental health issues. Defendant denied that alcohol consumption has ever been problematic, but admitted he has used marijuana "almost every day" since age 7. He last used marijuana on the day of his arrest.

While living in Chicago, Defendant was charged in separate cases with trespass to residence, attempted mob action, possession of cannabis, domestic battery, knowingly damaging property, possession of cannabis, manufacture/delivery of cannabis, possession of a controlled substance, and possession of cannabis. All of those charges were either not prosecuted, stricken from the docket with leave to reinstate, or their disposition is unknown.

In May 2002, at age 21, Defendant was charged in Cook County with aggravated unlawful use of a weapon/vehicle, together with three other counts. While those charges

were pending, Defendant was arrested six more times, and charged with unlawful use of a weapon, gambling, three counts of possession of cannabis, carry-possession of a firearm, possession of a firearm with an invalid ID, and another unspecified ordinance violation. All of the new charges were either not prosecuted or stricken from the docket with leave to reinstate. In March 2003, however, Defendant received a one-year prison term on the initial aggravated unlawful use of a weapon/vehicle charge. He was paroled after two months. While on parole, Defendant was charged and later convicted of possession of cannabis. His parole was revoked, but then apparently reinstated. He was discharged from parole in February 2004.

In August 2004, Defendant was charged with possession of a controlled substance in Linn County, Iowa. Thirteen days later, while the first charge was pending, Defendant was charged and later convicted of disorderly house. Defendant failed to appear for arraignment on the initial possession charge, and a warrant was issued. The warrant was recalled approximately six weeks later.

In February 2005, Defendant was charged with theft in the fifth degree and assault. He was sentenced to ten days in jail (with nine days suspended) and placed on probation for one year. While on probation, Defendant was charged in eight separate cases.

In February 2006, while on probation, Defendant was charged with driving while barred. Defendant was sentenced to 180 days in jail (with 150 days suspended), but failed to appear in July 2006 to serve his sentence. A warrant was eventually issued and Defendant was arrested. He was found in contempt of court and sentenced to 40 days in jail and "unsuccessfully discharged from probation." The warrant was active for approximately 17 months. During that time, Defendant was charged in Cook County with aggravated unlawful use of a weapon/vehicle, aggravated unlawful use of a weapon on person, and unlawful possession of a weapon by a felon. However, he was found not guilty.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A

finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to

the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute controlled substances and being a prohibited person in possession of a firearm and ammunition. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C) and (E).

Because there is probable cause to believe that Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending trial. The weight of the evidence against Defendant is strong. Defendant is a convicted felon and was found with a handgun in his pocket. In Defendant's other pocket were drugs packaged for resale. Defendant submitted to a urine sample following his arrest, which showed the presence of marijuana metabolites.

Defendant is unemployed and the pretrial services officer was unable to confirm that he would be permitted to return to his girlfriend's residence if released. Defendant is an active user of marijuana, admitting that he uses it daily. Defendant has a lengthy criminal record, including crimes committed while charges were pending and while on parole. Defendant failed to appear for court proceedings on three occasions, including a failure to appear to serve a jail sentence. The Court has no confidence that Defendant would comply with any terms or conditions of release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 10, 2015) to the filing of this Ruling (March 12, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 12th day of March, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA